UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA CRAYTON,

      Plaintiff,                    CASE NO.:

v.

WILDER CORPORATION OF
DELAWARE, a Foreign Profit
Corporation d/b/a Fort Myers
RV Resort,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA CRAYTON ("Plaintiff"), by and her undersigned counsel, files this Complaint against Defendant, WILDER CORPORATION OF DELAWARE, a Foreign Profit Corporation d/b/a Fort Myers RV Resort, ("Defendant") and in support thereof states as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims

form a part of the same case or controversy and arise out of the common nucleus of operative facts as her minimum wage and overtime claims.

## PARTIES

4.     At all times material to this action, Plaintiff was, and continues to be, a resident of Lee County, Florida.

5.     At all times material to this action, Defendant WILDER CORPORATION OF DELAWARE, was a Foreign Profit Corporation, d/b/a Fort Myers RV Resort.  Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, doing business, among other counties, in Lee County, Florida.

6.     At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7.     At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8.     At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9.     Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10.     At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12.     At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as office supplies, food products, and cleaning products, which were used directly in furtherance of Defendant's commercial activity of running a RV resort.

13.     Further, at all times hereto, Plaintiff was "engaged in commerce" and subject individual coverage under the FLSA in that:

    a.     The products and materials that Plaintiff used on a constant and continual basis, which were supplied to her by her employer to use on the job, moved through interstate commerce,

    b.     Plaintiff regularly placed and received calls to and from out of state guests, and used the internet and Defendant's computer system to confirm reservations for and take payment from for out-of-state guests; and

    c.     Performed work essential to any of the preceding activities.

14.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

15.     On or about June 16, 2014, Defendant hired Plaintiff to work as a non-exempt office manager for Defendant's RV resorts company located at 16800 Tamiami Trail, in Fort Myers, Florida.  Plaintiff was employed by Defendant in this position through July 29, 2015.

16.     Plaintiff's job duties included, but were not limited to, collecting rent

payments, payroll, generating monthly reports, bank reconciliations, and marketing for the Defendant's business.

17.     From June 16, 2014 to July 29, 2015, Defendant failed to pay Plaintiff at least federal minimum wage for all hours worked.

18.     From June 16, 2014 to July 29, 2015, in one or more workweeks, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

19.     From June 16, 2014 to July 29, 2015, Defendant failed to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

20.     In fact, from June 16, 2014 to July 29, 2015, Plaintiff was not paid any monetary wages at all.

21.     Defendant told her that the RV in which Plaintiff lived was her compensation.

22.     Defendant has not satisfied any of the criteria, including record-keeping requirements, to claim any offset to its minimum wage and overtime obligations for Plaintiff's RV.

23.     Moreover, even if Defendant could claim such an offset, any offset claimed would not meet its minimum wage and overtime obligations with respect to Plaintiff's employment.

24.     Defendant derived an immediate benefit from the work that Plaintiff performed.

25.     Plaintiff should be compensated at least the applicable minimum wage for all hours worked. Further, Plaintiff should be compensated at the rate of one and

one-half times the lowest lawful regular rate of pay for those hours that she worked in excess of forty (40) hours per workweek, as required by the FLSA.

26.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

27.     Defendant has violated Title 29 U.S.C. §206 during the term of Plaintiff's employment, in that:

      d.      Defendant has failed to pay Plaintiff proper minimum wage for all of her hours worked for Defendant as required by the FLSA;

      e.      No payments, and provisions for payment, have been made by Defendant to properly compensate at the statutory minimum wage for each hour worked as provided by the FLSA; and

      f.      Upon information and belief, Defendant has failed to maintain proper time and pay records as mandated by the FLSA.

28.     Defendant has violated Title 29 U.S.C. §207 during the term of Plaintiff's employment, in that:

      a.      Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant;

      b.      No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

      c.      Upon information and belief, Defendant has failed to maintain

proper time and pay records as mandated by the FLSA;

29.     Defendant's failure and/or refusal to properly compensate Plaintiff, at the rates and amounts required by the FLSA was willful.

30.     Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

31.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**RECOVERY OF MINIMUM WAGE COMPENSATION**

32.     Plaintiff re-alleges paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.     Plaintiff was entitled to be paid the applicable minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendant.

34.     From at least June 16, 2014 to July 29, 2015, Defendant failed to pay Plaintiff the applicable minimum wage for each hour Plaintiff worked for Defendant.

35.     As a result of Defendant's actions in this regard, Plaintiff has not been paid the applicable minimum wage for all hours worked during one or more weeks of employment with Defendant.

36.     Defendant had specific knowledge that it was paying sub-minimum wage to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

37.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the lawful minimum wage when it knew, or should have known, such was, and is, due.

38.     Upon information and belief, at all times material hereto, Defendant failed, and continues to fail, to maintain proper time and pay records as mandated by the FLSA.

39.     Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

40.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and lost minimum wages for one or more weeks of work contrary to 29 U.S.C. §206.

41.     As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wage for one or more weeks of work with Defendant, plus liquidated damages.

42.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**

43.     Plaintiff re-alleges paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

44.     From at least June 16, 2014 to July 29, 2015, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times the lowest lawful regular rate of pay.

45.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and

one-half times the lowest lawful regular rate of pay for those hours worked in excess of forty (40) hours.

46.     Based upon information and belief, at all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

47.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times the lowest lawful regular rate of pay for the hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

48.     Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

49.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

50.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## UNJUST ENRICHMENT

51.     Plaintiff realleges and incorporates paragraphs 1 through 31 of the Complaint as if fully set forth herein.

52.     Plaintiff performed work for Defendant's RV resort company, thereby conferring a benefit on Defendant.

53.     Defendant retained the value of the work Plaintiff performed for it.

54.     Defendant did not compensate Plaintiff for the work she performed for Defendant.

55.     Because work that Plaintiff performed conferred a benefit upon Defendant, and it would be unjust to permit Defendant to retain the value of that benefit without compensating Plaintiff for same.

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendant for the actual unpaid wage damages suffered, as well as costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this ___23rd___ day of November, 2015.

Respectfully Submitted,

Angeli Murthy, Esquire
FBN: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*